## BENNET v. WASHINGTON CEMETERY.

(*Circuit Court, Kings County.* April, 1890.)

1. DEED—VALIDITY—RESTRAINT ON ALIENATION.

   A deed to a cemetery covenanted that the grantee should pay to the grantor $40 for each lot which should be sold as a burial place, and $3 for each grave opening; that no lot should be sold for less than $80, and that, on breach by the grantee of any of the covenants of the deed, all the lots without interments should revert to the grantor. *Held,* that such deed did not violate Const. N. Y. art. 1, §§ 12–15, abolishing feudal tenures and their incidents, and prohibiting "fines, quarter sales, or other like restraints upon alienation reserved in any grant of land."

2. SAME—CONSTRUCTION.

   In such case the grantor was entitled to $40 for each lot sold by the cemetery, without regard to the amount for which the lots were sold, and to $3 for each grave opening in lots not sold.

Action by William M. Bennet against the Washington Cemetery. Plaintiff alleged that defendant was indebted to him under a covenant in a deed to defendant from plaintiff's ancestor. The material parts of the deed are as follows: "This indenture, made the twenty-fifth day of January, one thousand eight hundred and fifty-three, between James Arlington Bennet, of Kings county, state of New York, of the first part, and the corporation known as the 'Washington Cemetery,' in said county, of the second part, witnesseth: That the said party of the first part, for and in consideration of the sum of ten dollars and the premises hereafter stated, * * * has granted * * * unto the said party of the second part and assigns forever all that certain tract of land [describing it.] Now, the premises above referred to, which are to be deemed part of the consideration to be paid by the party of the second part to the party of the first part, are as follows: That the said party of the second part shall well and truly pay, in lawful money of the United States, half yearly from the date of this conveyance, to the party of the first part, or his assigns, during his life-time, or to his attorney or agent, assigns, or to his heir or heirs, legatees, executors, or administrators after his decease, the sum of forty dollars for each and every lot of four hundred square feet of land, and in proportion for a larger or smaller lot, which the said party of the second part shall dispose of in any manner whatsoever, as a place or places for the

burial of the dead, and three dollars for each and every grave opening, until all the land described in this deed, or such part of it as may remain after the satisfaction of an existing mortgage thereon, shall be sold for cemetery purposes only; and the said party of the first part, his assigns, heirs, or legatees, shall be entitled to the grass, wood, timber, and other produce of the soil of all parts of said land which may remain unsold, in conformity to the conditions of this deed, until all such land shall be sold in lots as aforesaid and have interments therein. And the said party of the second part hereby agrees with the said party of the first part that no lot of four hundred square feet shall be sold for less than eighty dollars, or in proportions for more or less land, unless the trustees shall deem a less sum than forty dollars per lot sufficient for improving the ground, and for other purposes than the purchase money; and it is further agreed between the parties to this instrument that no interments shall be made in that part of the land hereby conveyed lying in the town of New Utrecht until all that part of the land lying in Gravesend shall have been sold and interments made therein; and it is further agreed that in case of the non-fulfillment by the party of the second part of any of the promises on which this conveyance is given, the right of soil of all lots without interments shall revert to the party of the first part, his heirs," etc. Const. N. Y. art. 1, provides as follows: "Sec. 12. All feudal tenures of every description, with all their incidents, are declared to be abolished; saving, however, all rents and services certain which at any time heretofore have been lawfully created or reserved. Sec. 13. All lands within this state are declared to be allodial, so that, subject only to liability of escheat, the entire and absolute property is vested in the owners, according to the nature of their respective estates. Sec. 14. No lease or grant of agricultural land, for a longer period than twelve years, hereafter made, in which shall be reserved any rent or service of any kind, shall be valid. Sec. 15. All fines, quarter sales, or other like restraints upon alienation, reserved in any grant of land, hereafter to be made, shall be void."

*Thomas E. Pearsall,* for plaintiff.    *George W. Wingate,* for defendant.

CULLEN, J. The covenant to pay the grantor at the rate of $40 a lot of 400 square feet for all lots sold is valid. In the case of *Bennett* v. *Culver,* decided by me at special term, I held that the deed carried a present fee, and yet was of opinion that this covenant was not invalid. It is in no sense a restriction upon alienation, for the whole deed shows that not only did both parties contemplate a sale of the land in cemetery lots, but it was only by such sale that the grantor could obtain pay for the lands granted. In fact the covenant in this regard is a mere extension of credit for the purchase money to the grantee until it has been able to realize the money by a sale; but the decision made by me was reversed by the general term and by the court of appeals. The latter court held (97 N. Y. 250) that the deed was merely an executory agreement, under which the grantee, upon complying with its covenants, could either sell or itself acquire title. This disposes of any question as to the matter.

The provisions of the constitution (sections 12, 14, art. 1) relate to feudal tenures and grants of land. The principle of the common law that avoided covenants for payment of a portion of the purchase money on a sale of land or other restraint upon its alienation proceeded on the theory that the grantor had no reversionary interest in the land after the grant of the fee. In a lease such provisions are unquestionably valid. *De Peyster* v. *Michael,* 6 N. Y. 468. Under the construction of the deed adopted by the court of appeals, the grantors had far more than a reversion. They were not divested of either title or possession until compliance with the terms of the covenant. The covenant is absolute to pay at the rate of $40 a lot. It may be that the grantors are not interested in so much of the covenant as forbids sales at a

less price than $80 per lot. However that may be, the defendant must pay
the stipulated sum on a sale, at whatever price it may sell for. If it cannot
realize sufficient to pay the grantors, it must not sell. The covenant to pay
$3 for each and every grave opening, I think, should not be construed to
include grave openings on lots sold, but only cases where single graves are
sold, as distinguished from lots. I have very grave doubts whether such
a provision, if construed to apply to private lots, would be valid. It has
been held by this court (BARNARD, P. J.) that a by-law of a cemetery re-
quiring monumental work to be done by designated workmen was void.
There is no provision that any such provision or restriction should be in-
serted in the sales made by the cemetery. The deed provides that the pay-
ments prescribed shall be made until all the lands are sold for cemetery pur-
poses. Therefore, when all the lots are sold, payments for grave openings
would cease, even though interments would continue long afterwards. This
shows that this payment was not to be made for interments in private lots.
As already said, the defendant has no monopoly of grave digging in the cem-
etery. It is unreasonable to suppose that it was to pay, when it might not
do the work, or receive any pay or fee. I think the clause is well confined
to the case of the sale of single graves. Judgment for plaintiff, with costs
in accordance with this opinion.